IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**LINDA GREENWOOD**

      **Plaintiff,**

**v.**

**METHODIST LEBONHEUR HEALTHCARE**    No.:

                                                                                   **JURY DEMAND**

      **Defendant.**

---

## COMPLAINT

---

**THE PLAINTIFF, LINDA GREENWOOD**, files this Complaint against the Defendant, Methodist Lebonheur Healthcare. She shows:

**I.**

**PRELIMINARY STATEMENT**

1. This case is brought under the Tennessee Human Rights Act, Tenn. Code Ann. 4-21-101 *et. seq*. (THRA) which proscribes discriminatory employment practices due to age in the compensation, terms, conditions, or privileges of employment. Additionally, this case is brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*

**II.**

**PARTIES, JURISDICTION, AND VENUE**

2. The Plaintiff is Linda Greenwood, a resident of Shelby County, Tennessee.

3. The Defendant is a domestic corporation operating in Memphis, Tennessee where it employed Plaintiff.

4.     This Court has jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.  It has supplemental jurisdiction over Plaintiff's state law claims, 28 U.S.C. 1367.   Venue in this Western District of Tennessee is proper pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district or resides in this district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

### III.    AGE DISCRIMINATION CLAIM

5.     Defendant employed Ms. Greenwood, Plaintiff, for over nineteen (19) years.  Her primary position was Administrative Assistant.

6.     Ms. Greenwood's date of birth is August 4, 1947.

7.     Ms. Greenwood regularly met the expectations of her job, as reflected on her performance appraisals and her raises.  In fact, in giving her most recent evaluation on February 22, 2011, Ms. Greenwood's Director stated, "you walk on water" but that it cannot be reflected on the evaluation because raises were being limited that year.

8.     On March 23, 2011, Ms. Greenwood's Director asked Ms. Greenwood to come to the Director's office.  The Director stated that Dr. Dennis Stokes had instructed: "It's time for her to go."  The Director advised her that she was an excellent worker with a strong employment history and that the Director would "find a job" for Ms. Greenwood.  The Director stated the decision was Dr. Stokes' alone, as he was the chief.

9.     When Ms. Greenwood asked what was happening to her own job, the Director stated that it would be "posted" and suggested that Ms. Greenwood apply for her own job. Actually, a younger person (in her twenties) had assumed Ms. Greenwood's job responsibilities.

Ms. Greenwood broke down crying; the Director offered to close the door and "allow [Ms. Greenwood] to just scream."

10. On or about March 31, 2011, Ms. Greenwood's Director stated that Defendant would be looking to move her to part time in the next month or so.

11. On or about April 11, 2011, Defendant advised Ms. Greenwood that she would be moved to Respiratory Care, likely in a part time position. But at Respiratory Care, Defendant lacked the work, responsibilities, and did not even have a place for Ms. Greenwood to sit.

12. On or about April 14, 2011, Defendant moved Ms. Greenwood to a position in Pulmonary Diagnostics where, despite her humiliation and extreme emotional distress, she performed.

13. On June 22, 2011, Ms. Greenwood's Director and the Director of Human Resources met with Ms. Greenwood. The Director offered Ms. Greenwood Kleenexes and advised her that her job "was eliminated." The Director stated the elimination had nothing to do with Ms. Greenwood's performance and the Director of Human Resources added that the elimination was something that had been needed since moving into the new hospital.

14. On June 30, 2011, Defendant sent Ms. Greenwood a formal separation letter indicating her position would be eliminated effective July 6, 2011.

15. Ms. Greenwood was not offered the opportunity to return to her former position from which she was initially removed. Ms. Greenwood's duties in her former position were replaced by person(s) substantially younger than she.

16. Ms. Greenwood has suffered loss of her employment which includes her lost wages, at an annual salary of approximately $35,000, and her benefits, which includes health insurance and retirement under the "Classic" plan (not the newer 401k-type plan) which required Defendant to fund her retirement in her later years. She has also suffered emotionally including anxiety, worry, financial distress, and emotional harm due to the termination for age discrimination.

17. Defendant's true motivation, or mixed motivation, for removing Plaintiff from her long- held position and placing her in a job which it thereafter eliminated, was her age.

## IV.   FLSA CLAIM

18. Plaintiff was a covered employee under the FLSA while employed by Defendant. She was a non-exempt employee for purposes of the FLSA.

19. Defendant is a business engaged in a commercial enterprise and is a covered employer under the FLSA.

20. During Plaintiff's employment with Defendant, she performed work in excess of forty (40) hours on a regular and repeated basis.

21. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

22. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

23. During her employment, Defendant suffered or permitted Plaintiff to regularly and repeatedly work "off the clock", thereby allowing Defendant to avoid paying Plaintiff proper overtime compensation for all hours worked over forty (40). Furthermore, Defendant suffered or permitted Plaintiff to work during her meal breaks without proper compensation.

24. Plaintiff frequently was forced to clock out and continue working because she found herself in the "no – win" situation that overtime would not be approved but that she had to complete her job duties and responsibilities. Overtime had been approved in the past and was necessary to complete her job duties and responsibilities. When overtime was no longer approved by management, her job duties remained the same, necessitating "off the clock" work in order to avoid discipline.

25. Plaintiff was subjected to Defendant's "Meal Break Deduction Policy." Under the "Meal Break Deduction Policy," Defendant's computerized time and attendance system automatically deducts a thirty (30) minute meal period per work shift, even when Plaintiff is required to perform compensable work or is interrupted during her meal break.

26. Defendant did not prohibit Plaintiff from working through her unpaid "meal breaks" and routinely suffered or permitted such work. In fact, Defendant fails to ensure that unauthorized work is not being performed during employee "meal breaks."

27. The job duties and responsibilities of Plaintiff necessitated that she perform work during her uncompensated "meal breaks." She did so in plain sight.

28. Under Defendant's "Meal Break Deduction Policy," Defendant improperly and illegally shifted the burden to Plaintiff to ensure that non-qualifying "meal breaks" are not deducted from her pay.

29. Even though Defendant knew that Plaintiff was working during "meal breaks," Defendant failed to compensate Plaintiff for her work.

30. Furthermore, Defendant knew or should have known that Plaintiff was working "off the clock."

31. Rather than paying Plaintiff properly under the FLSA, Defendant and its management choose to sit back and accept the benefits of Plaintiff's work without compensating her properly for the same.

32. Defendant's intentional failure to pay Plaintiff all of her overtime wages is a "willful" violation of the FLSA.

## V.   LEGAL CAUSES OF ACTION

33. COUNT I.   AGE DISCRIMINATION UNDER THE TENNESSEE HUMAN RIGHTS ACT, Tenn. Code Ann. 4-21-101 et. seq.

34. COUNT II.   WILLFUL FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938.

35. Plaintiff demands a jury.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF requests Defendant Answer this Complaint, that Plaintiff be Awarded all monetary and compensatory damages available, any other equitable relief, injunctive relief to include reinstatement, liquidated damages, attorneys fees, costs, prejudgment interest and post-judgment interest, and any further relief at either law or equity to which he may be entitled.

        Respectfully submitted,
        GILBERT RUSSELL McWHERTER PLC
        /s/ Justin S. Gilbert
        JUSTIN S. GILBERT (017079)
        CLINT H. SCOTT (023008)
        JONATHAN BOBBITT (23515)
        101 North Highland
        Jackson, Tennessee 38301
        (731) 664-1340
        (731) 664-1540 (Facsimile)

        *ATTORNEYS FOR PLAINTIFF*